FREDERICK A. YOUNG

*v.*

PETER G. GILBERT.

1. LIBEL—*evidence—articles referred to.* In an action for libel in the publication of a card in a newspaper, in reply to a previous card of the plaintiff published in the same paper, and to certain publications following the same in the same issue, called "locals," to which defendant's card refers, and from which it makes quotations, where these words in the latter, when read in connection with the publications of the plaintiff, have a signification very different from their meaning when read alone, it is error to refuse to allow the defendant to give in evidence the "locals" referred to in the plaintiff's card.

2. In libel and slander it is important to the proper understanding of the meaning of the words written or spoken, and of the motives and purposes of the same, that it should be shown to the court and jury what was the subject matter about which the defendant was writing or speaking.

APPEAL from the Circuit Court of Kankakee county; the Hon. NATHANIEL J. PILLSBURY, Judge, presiding.

Mr. WILLIAM POTTER, for the appellant.

Mr. W. H. RICHARDSON, and Mr. C. R. STARR, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is an action for libel, by Gilbert against Young. It seems they were rivals in business, each carrying on business in Kankakee as bakers, and the plaintiff as a confectioner.

There was published in a newspaper of that city a card or notice over the signature of Gilbert, and certain notices immediately below this card and in the same paper, which notices seemed to be referred to in the card to which Gilbert's name was attached—as "Gilbert's locals this week."

In this card and notices mention is made of "two bakers of this city," and serious reflections are cast upon them as to their dealings with their customers, etc.

Young published in a subsequent issue of the same paper, and also in hand-bill form, a card over his signature, casting reflections upon Gilbert's mode of dealing with his customers, and commenting on various phrases used in the card of Gilbert, and in the articles mentioned therein as locals.

This action is founded upon this card of Young. Defendant pleaded not guilty, as a defence to the action, and as to some of the matters in the card he pleaded in justification.

On the trial, after the card of Young had been read in evidence, the defendant offered to read in evidence the card published (as above stated) over the signature of Gilbert, and also the notices immediately following. To this the plaintiff objected. The court permitted the card over Gilbert's signature to be read, but excluded the "locals," as they were called, which did not purport to be signed by Gilbert, and defendant excepted.

This, we think, was error. In libel and in slander it is important to the proper understanding of the meaning of the words written or spoken, and of the motives and purpose of the same, that it should be shown to the court and jury what was the subject matter about which defendant was writing or speaking.

The language of Young's card (which contains *verbatim* quotations from Gilbert's card and from the so-called locals) shows plainly that he was commenting on these papers. There are words in Young's card which, when read in connection with the publications to which they allude, have a signification very different from their signification when read alone.

It is said there is no proof that Gilbert published these subsequent passages. We do not think so. In the card over his signature he says: "Read all of Gilbert's locals this week." This tends to prove that he sanctioned the publication. But if it were otherwise, the first question for the court and jury was, what was the fair meaning of the words of Young in his card? That card professes on its face to quote phrases and extracts from something, and to comment on these extracts. The extracts are marked with quotation marks in Young's card; and many of them are not intelligible without the context.

On the production of these publications offered in evidence, these very phrases (so quoted by Young) are found *verbatim,* and their context shows what they mean. Thus and thus only could the true meaning of many of the phrases of Young's card be understood. They ought all to have gone to the jury. For the error of excluding this evidence the judgment in this case must be reversed and the cause remanded for a new trial.

The pleadings in the record are very voluminous and in some confusion. The parties should have leave to withdraw from the files the present pleadings and be allowed to plead anew, so as to present distinct and only material issues.

*Judgment reversed.*